[14 NYS3d 915]

In the Matter of THOMAS G. DeVIVO, JR. (Admitted as THOMAS GUY DeVIVO, JR.), an Attorney, Resignor.

Second Department, August 19, 2015

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Robert H. Cabble* of counsel), for Grievance Committee for the Tenth Judicial District.

*Charles Ferzola*, Garden City, for resignor.

## OPINION OF THE COURT

Per Curiam.

Thomas G. DeVivo, Jr. (hereinafter the resignor) has submitted an affidavit sworn to on April 30, 2015, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9).

The resignor acknowledges in his affidavit that his resignation is freely and voluntarily tendered, and that he is not being subjected to coercion or duress. He acknowledges that the Grievance Committee for the Tenth Judicial District is currently investigating two complaints of professional misconduct against him. The resignor avers that he misappropriated approximately $216,000 entrusted to him as the attorney for the executor of an estate; presented the executor with a check register in which he, among other things, entered false payee names for checks actually made payable to his order or falsely recorded as "void" checks actually made payable to his order, while deliberately withholding the monthly bank statements and canceled checks from the executor; failed to properly reregister as an attorney for two consecutive registration periods (2010-2011 and 2012-2013), and failed to submit answers to pending complaints or otherwise respond to the lawful inquiries of the Grievance Committee. He states that he has now returned all of the funds due to the estate, as well as the entire legal fee he received. The resignor acknowledges that if charges were predicated on the misconduct under investigation, he could not successfully defend himself on the merits against those charges.

The resignor's resignation is submitted subject to any application by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The resignor states that he has discussed his decision to resign with his attorney, and is aware of the implications of submitting his resignation, including the fact that he will be barred from seeking reinstatement for seven years.

The Grievance Committee recommends that the Court accept the proffered resignation.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, the resignor is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

ENG, P.J., MASTRO, RIVERA, DILLON and MALTESE, JJ., concur.

Ordered that the resignation of Thomas G. DeVivo, Jr., admitted as Thomas Guy DeVivo, Jr., is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Thomas G. DeVivo, Jr., admitted as Thomas Guy DeVivo, Jr., is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Thomas G. DeVivo, Jr., admitted as Thomas Guy DeVivo, Jr., shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Thomas G. DeVivo, Jr., admitted as Thomas Guy DeVivo, Jr., shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Thomas G. DeVivo, Jr., admitted as Thomas Guy DeVivo, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).